## CITY CAB CO v SIMPSON

Ohio Appeals, 9th Dist, Summit Co

No 2683.   Decided April 2, 1936

Amer, Sophrin & Cunningham, Akron, for plaintiff in error.

Carl M. Myers, Akron, for defendant in error.

### OPINION

By WASHBURN, J.

The trial judge charged that the burden of proving that the plaintiff was guilty of contributory negligence was upon the defendant, omitting from said charge the statement that if the evidence offered in support of plaintiff's claim gave rise to a reasonable inference or presumption that plaintiff's own negligence contributed proximately to the production of the injury, the burden was then upon the plaintiff to furnish sufficient evidence to equal or dispel such inference or presumption.

In the evidence on behalf of plaintiff there was nothing which even suggested such an inference or presumption, unless it was that the car being towed may have been stopped with its front and rear right wheels slightly more than one foot from the right-hand curb of the street, in violation of §6310-27, GC; but if the evidence did show that the car was so stopped, there was no evidence that the plaintiff so stopped said towed car, or had any control over the parking of the same—his own car being stopped close to the curb, nor was there any evidence that any act of plaintiff's was a proximate cause of his injuries.

We hold that, where the evidence in behalf of the plaintiff raises no inference or presumption of contributory negligence on his part, the burden with reference thereto is upon the defendant, without any qualification.

Under the facts shown by the record in this case we hold that it was not prejudicial error for the court to so charge; and we find no prejudicial error in the other complaints made.

Judgment affirmed.

FUNK, PJ, and STEVENS, J, concur in judgment.